UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-12200-RGS

JUAN JOSE ADAME-CASTRO

v.

FEDERAL MEDICAL CENTER-DEVENS
and FEDERAL BUREAU OF PRISONS

MEMORANDUM AND ORDER

May 14, 2026

STEARNS, D.J.

For the reasons stated below, if petitioner wishes to proceed with a habeas action, he  must resolve the filing fee and file a petition for writ of habeas corpus.

BACKGROUND

Petitioner Juan Jose Adame-Castro, an inmate at Federal Medical Center, Devens, in Ayer, Massachusetts, filed a *pro se* "Petition on Civil Dispute for FSA Time Credits Review of Final Order of Removal, and a Stay of Removal."  Doc. No. 1.  Among other things, petitioner states that "he is eligible for FSA time credit to be accredited to his sentence." *Id.* at 5.  He complains that such credits were taken from him causing "tremendous hardship." *Id.*  Petitioner also seeks to have this court review his "final order of removal or instruct him on who to write the motion to the court's address." *Id.*

STANDARD OF REVIEW

The petition has not been served pending the court's preliminary review of the document. *See McFadden v. Warden, FCI Danbury*, No. CV 22-30062-KAR, 2022 WL 1556026, at *2 (D. Mass. May 17, 2022) (explaining that 28 U.S.C. § 2243 provides that if it appears from the application that petitioner is not entitled to relief, the district court is not required to serve the petition on respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") (providing that, if it "plainly appears from petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").[1]

AVAILABILITY OF RELIEF UNDER 28 U.S.C. § 2241

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Section 2241 gives the federal courts jurisdiction to provide habeas relief "within their respective jurisdictions" to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the District Court to other habeas petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

A § 2241 petition must be brought against the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (immediate custodian, not supervisory official exercising legal control, of petitioner is proper respondent in habeas action); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) (immigration detainee "normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained").

To the extent petitioner seeks to challenge the calculation of prison credits, he may wish to file a 2241 petition seeking such credits. A § 2241 petition "can be used, among other things, to challenge the 'manner of execution' of a federal sentence." *Cockerham v. Boncher*, 125 F.4th 11, 13 (1st Cir. 2024) (quoting *Muniz v. Sabol*, 517 F.3d 29, 33-34 (1st Cir. 2008)). A petitioner may challenge "computation of a prisoner's sentence by prison officials via a section 2241 petition." *Walsh v. Boncher*, 652 F. Supp. 3d 161, 164 (D. Mass. 2023) (cleaned up). Before filing a § 2241 petition, a federal inmate must exhaust his administrative remedies. *Id.* at 167 ("Ordinarily, a federal inmate must exhaust the BOP's administrative remedies before filing a section 2241 petition in federal court."); *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). However, there is "the potential for a waiver of the administrative exhaustion requirement for § 2241 petitions where a petitioner can show that fulfilling the requirement would be futile." *Levine*

*v. U.S. Dep't of Fed. Bureau of Prisons*, No. 20-cv-11833, 2021 WL 681689 at *3 (D. Mass. Feb. 22, 2021).

To the extent petitioner seeks to challenge his custody under a final order of removal, he may wish to file a separate § 2241 petition. Noncitizens may file a § 2241 petition challenging their removal proceedings to the extent they claim that they are in custody in violation of federal law. Generally, a noncitizen who is confined pursuant to criminal charges is not in ICE custody for purposes of § 2241 simply because ICE has lodged a detainer against him with the prison where he is incarcerated. *See Garcia-Echaverria v. United States*, 376 F.3d 507, 510–11 (6th Cir. 2004) ("While an alien may file a § 2241 petition challenging his removal proceedings, an alien is not 'in custody' for removal purposes if he is detained pursuant to a sentence for a criminal conviction [even if an immigrations detainer] is filed with the prison where the petitioner is incarcerated."). Although a detainer, without more, is insufficient to render a noncitizen "in custody," a "noncitizen petitioner subject to final removal proceedings is 'in custody' for habeas purposes, whether or not he is detained." *Simmonds v. INS*, 326 F.3d 351, 356 (2d Cir. 2003)); *see also Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("Almost all the circuit courts considering the issue have determined that the lodging of a detainer, without more, is insufficient to render the alien in custody."

## FILING FEE

A party filing a habeas action in the district court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Any motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 Cases.

## ORDER

For the foregoing reasons, it is hereby ordered as follows:

1.    If petitioner wishes to proceed with a habeas action, within 42 days of the date of this Order, petitioner must (1) either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* accompanied by a certified prison account statement, (2) and file a petition for writ of habeas corpus.  Failure of petitioner to timely comply with these directives will result in the dismissal of this action without prejudice.

2.    The Clerk shall provide petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

5